# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1726 | **DATE** | 11/29/2011 |
| **CASE TITLE** | Orlando Edwards and Lee Edwards vs. Chicago Police Officer J. Haritos et al. | | |

**DOCKET ENTRY TEXT**

The court has considered the defendants' objections to the proposed final jury instructions, preliminary jury instructions, and verdict form [109]. The defendants' objections are resolved as described in the Statement section of this order. The Plaintiffs have not filed any objections to the proposed jury instructions and verdict form.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

1. The phrase "in a manner indicative of innocence" will be added to the jury instruction on the second element of the malicious prosecution claim. *See Lopez v. City of Chicago*, No. 09-3349, 2011 WL 1557757, at *3-4 (N.D. Ill. Apr. 25, 2011); *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

2. The court declines to remove the following sentence from the instruction on malice: "Malice may be inferred from the absence of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved." The defendants have waived their objection to the sentence because the plaintiffs requested a substantially similar instruction, and the defendants failed to object to it (Dkt. No. 69, at 29). Moreover, the instruction is consistent with Illinois law, so there is no reason to remove it. *See Turner v. City of Chicago*, 415 N.E.2d 481, 487 (Ill. App. 1980) ("Malice may be inferred from want of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved.").

3. The defendants' request to include an instruction to the jury to check either "For Plaintiff" or "For Defendant" on each claim is granted. The defendants request to use the language "as to" instead of "against" to designate each claim is granted.

4. The defendants are correct that "[w]here a plaintiff has suffered a single, indivisible injury," the verdict form should not invite the jury to assess a separate damage award for each claim. *Duran v. Town of Cicero*, 653 F.3d 632, 640 (7th Cir. 2011). Here, the plaintiffs' claims, if true, indicate that they have suffered two discrete injuries: First, the physical and emotional injuries sustained during the defendant's false arrest; and second, the expense incurred when defending against the prosecution the defendants' initiated. The court has thus eliminated the verdict form's line for damages from each claim, and has instead included one line for physical and emotional injury incurred from the arrest, and another line for the expenses incurred defending against the prosecution. *See*

*Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 315 (7th Cir. 2010) (en banc) (Sykes, J., dissenting) ("Damages *may* be measured *by category*-that is, the verdict form may have separate line-item inquiries for economic damages (medical expenses, lost wages, and other pecuniary losses) and noneconomic damages (pain and suffering, loss of consortium, etc.).").

5.  The defendants object because the court did not include an instruction regarding impartiality with respect to race, color, religion, national ancestry, or sex. The defendants did not request that instruction in their proposed jury instructions (Dkt. No. 69). Moreover, the committee comments to the Seventh Circuit Civil Cases Pattern Jury Instruction 1.01 states that the instruction "should not be given unless a party has a legitimate concern about the possibility of influence by one or more of these factors." The defendants have articulated no such concern, so the court will not add the instruction.

6.  The defendants object to the inclusion of an instruction allowing the jury to consider the defendants' financial condition when awarding punitive damages, because they do not intend to present evidence of their financial condition. The plaintiffs could present such evidence, however, so the instruction will remain at this time.

*James F. Holderman*

IN THE UNITED STATES DISTRICT COURT

09C1726 Orlando Edwards and Lee Edwards vs. Chicago Police Officer J. Haritos et al.

ORLANDO EDWARDS and LEE EDWARDS,

Plaintiffs,

vs.

CHICAGO POLICE OFFICER J. HARITOS, STAR
NO. 16873; OFFICER P. PARK, STAR NO. 13949;
OFFICER I. KAHN, STAR NO. 17499,

Defendants.

Case No. 09 C 1726

Chief Judge James F. Holderman

## **FINAL JURY INSTRUCTIONS**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. You should consider and decide this case as an action between parties of equal standing in the community and holding the same or similar stations in life. In this case Defendants Haritos, Park and Khan are police officers, and Plaintiffs Orlando and Lee Edwards are private parties. Each party is entitled to the same fair consideration. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked some witnesses a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

The evidence consists of the testimony of the witnesses, testimony that was read to you from depositions, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true. In this case, the parties have stipulated to certain facts listed in Joint Schedule A, which was given to you during the trial.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, interim statements, and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

If I instructed you that I admitted certain evidence for a limited purpose, then you must consider this evidence only for the limited purpose for which it was admitted.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, I was outside a minute ago and I saw it raining. Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the

evidence in the case, including the circumstantial evidence.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

Plaintiffs Orlando Edwards and Lee Edwards must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that Plaintiffs complains about. You may not hold a Defendant liable for what other people did or did not do.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

It is proper for a lawyer to meet with any witness in preparation for trial.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- the witness's age; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements made before the trial by either a witness under oath or a party as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony here in court of that witness or party.

With respect to other statements, if you decide that, before the trial, a witness made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

When I say in these instructions that a particular party must prove something by "a preponderance of the

evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, Plaintiffs Orlando Edwards and Lee Edwards allege that the Defendant Police Officers Haritos and Park violated Plaintiffs' constitutional rights by falsely arresting Plaintiffs on March 3, 2008. Plaintiffs also claim that Defendant Police Officers Haritos, Park and Khan used excessive force during the course of Plaintiffs' arrests, and that Defendant Officers Haritos and Park failed to provide medical attention to Plaintiffs.

Defendants deny each of the Plaintiffs' allegations and Defendants contend that the arrest of Plaintiffs was lawful. Defendants contend probable cause existed for the arrest of Plaintiffs, that probable cause existed for the prosecution of Plaintiffs, and that the force Defendants used during the arrest of Plaintiffs was reasonable and not excessive. Defendants also contend Plaintiffs were not in need of medical care after the arrest on March 3, 2008.

I will now discuss each of these claims in turn.

## <u>Plaintiffs' Claims</u>

**1.     Claim of False Arrest Against Defendants Haritos and Park**

For a Plaintiff to succeed on his false arrest claim against a particular Defendant, that  Plaintiff must prove by a preponderance of the evidence that the Defendant did not have probable cause to arrest that Plaintiff.

If you find that Plaintiff Orlando Edwards has proved this by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff Orlando Edwards and against that particular Defendant, and go on to consider the question of damages on this claim by Plaintiff Orlando Edwards against that Defendant.  If, on the other hand, you find that Plaintiff Orlando Edwards has failed to prove this by a preponderance of the evidence as to a Defendant, then you should find for that Defendant, and you will not consider the question of damages on this claim by Plaintiff Orlando Edwards as to that Defendant.

If you find that Plaintiff Lee Edwards has proved this by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff Lee Edwards and against that particular Defendant, and go on to consider the question of damages on this claim by Plaintiff Lee Edwards against that Defendant.  If, on the other hand, you find that Plaintiff Lee Edwards has failed to prove this by a preponderance of the evidence as to a Defendant, then you should find for that Defendant, and you will not consider the question of damages on this claim by Plaintiff Lee Edwards as to that Defendant.

Let me explain what "probable cause" means. There is probable cause for an arrest if, at the moment the arrest was made, a prudent person would have believed that plaintiff had committed or was committing a crime. In making this decision, you should consider what the Defendant you are considering knew and what reasonably trustworthy information that Defendant had received.  It is not necessary that the Defendant had probable cause to arrest a Plaintiff for Resisting Arrest, Aggravated Assault or Battery, so long as the Defendant had probable cause to arrest that Plaintiff for some criminal offense.

Probable cause requires more than just a suspicion. It does not need to be based on evidence that would be sufficient to support a conviction or even a showing that the Defendant's belief was probably right. The fact that the charges against a Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time of his arrest.

A person commits an assault when he engages in conduct that places another in reasonable apprehension of receiving a battery.  An aggravated assault is when an assault is committed against a police officer.

A person commits a battery if he intentionally causes bodily harm to an individual or makes physical contact of an insulting or provoking nature with an individual.

A person resists arrests when he knowingly obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity. Resisting arrest can be any physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, including

flight from a clearly identifiable police officer. A person may not resist arrest, even if the arrest is unlawful.

**2.** **Claim of Use of Excessive Force Against Defendants Haritos, Park, and Khan**

For a Plaintiff to succeed on his claim of the use of excessive force, that Plaintiff must prove each of the following things by a preponderance of the evidence with respect to the particular Defendant that you are considering:

1. The Defendant used unreasonable force against the Plaintiff;

2. Because of the Defendant's unreasonable force, the Plaintiff was harmed.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Plaintiff and against the particular Defendant, and go on to consider the question of damages. If, on the other hand, you find that the Plaintiff you are considering did not prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant on this claim.

When deciding if a Defendant police officer's use of force, if any, was unreasonable, you must consider the Defendant's conduct from the perspective of a reasonable officer facing the same circumstances that the Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether a Defendant's use of force was unreasonable, you must not consider whether that Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances. In deciding whether a Defendant's use of force was reasonable you are to consider all circumstances, including among other things:

- the need for the use of force;

- the relationship between the need for the use of force and the amount of force used;

- the extent of the plaintiff's injury;

- any efforts made by the defendant to temper or limit the amount of force;

- the severity of the crime at issue;

- the threat reasonably perceived by the defendant; and

- whether the plaintiff was actively resisting arrest or was attempting to evade arrest.

**3.** **Claim of Malicious Prosecution Against Defendants Haritos and Park**

For a Plaintiff to succeed on his claim of malicious prosecution, that Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant that you are considering:

1. The commencement or continuance of a criminal proceeding by the Defendant;

2. The termination of the criminal proceedings in favor of the Plaintiff in a manner indicative of innocence;

3. The absence of probable cause for such proceedings;

4. The presence of malice; and

5. Damages resulting to the Plaintiff.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against a particular Defendant, then you should find for that Plaintiff and against that Defendant, and go on to consider the question of damages. If on the other hand, you find that the Plaintiff has failed to prove any one of these things against a particular Defendant by a preponderance of the evidence, then you should find for that Defendant and will not consider the question of damages.

Probable cause in a malicious prosecution claim means a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue. The fact that the charges against a particular Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time the criminal proceeding was commenced.

Malice, as an element of malicious prosecution, does not necessarily mean personal ill-will, spite, or hatred toward the person prosecuted, but instead means the commencement of a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the party to justice. Malice may be inferred from the absence of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved.

**4.      Claim of Failure to Provide Medical Attention Against Defendants Haritos and Park**

For a Plaintiff to succeed on his claim of failure to provide medical attention, that Plaintiff must prove by a preponderance of the evidence that the conduct of the Defendant you are considering was objectively unreasonable under the circumstances, and that the Defendant's conduct caused harm to that Plaintiff. In determining whether the Defendant's conduct was objectively unreasonable, you should consider the following factors:

– whether the Defendant had notice of the Plaintiff's medical needs, either because of the Plaintiff's words or through the Defendant's observation of Plaintiff's physical symptoms;

– the seriousness of Plaintiff's medical need;

– the scope of the requested treatment;

– the other legitimate interests of the Defendant as a police officer, including administrative, penological, or investigatory concerns.

If you find that the Plaintiff you are considering has proved each of these things with respect to a particular Defendant by a preponderance of the evidence, then you should find for that Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things with respect to a particular Defendant by a preponderance of the evidence, then you should find for that Defendant, and you will not consider the question of damages.

A "serious medical need" is a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

– the severity of the condition;

– the harm, including pain and suffering, that could result from a lack of medical care;

– whether providing treatment was feasible; and

– the actual harm caused by the lack of medical care.

## <u>The Question of Damages</u>

If you find that a Plaintiff has proved any of his claims, then you must determine what amount of damages, if any, that Plaintiff is entitled to recover. A Plaintiff must prove his damages by a preponderance of the evidence.

If you find that a Plaintiff has failed to prove any claims against a particular Defendant, then you will not consider the question of damages as to that claim.

**1.     Compensatory Damages**

If you find in favor of a Plaintiff, then you must determine the amount of money that will fairly compensate that Plaintiff for any injury that you find he has sustained and any injury you find he is reasonably certain to sustain in the future as a direct result of a particular Defendant's conduct. These damages are called "compensatory damages."

You may award compensatory damages only for injuries that the Plaintiff has proved by a preponderance of the evidence were caused by a Defendant's wrongful conduct. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. You should consider the following types of compensatory damages, and no others:

(1)     The physical and mental/emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical, mental, or emotional pain and suffering needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

(2)     The costs Plaintiff incurred to defend the criminal charges initiated by a Defendant.

If you find in favor of a Plaintiff but find that the Plaintiff has failed to prove compensatory damages, you must return a verdict for that Plaintiff in the amount of one dollar ($1.00).

If you find that a Defendant is liable for damage on any of a Plaintiff's claims, you are not to consider attorney's fees for Plaintiff's counsel in this action. Attorney's fees to Plaintiff's counsel are not an element of compensatory damages for you to decide.


**2.     Punitive Damages**

If you find for a Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against the particular Defendant you have found liable. The purposes of punitive damages are to punish Defendant for his conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future. Each Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a particular Defendant. You may assess punitive damages only if you find that a particular Defendant's conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by

ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

– the reprehensibility of Defendant's conduct;

– the impact of Defendant's conduct on Plaintiff;

– the relationship between Plaintiff and Defendant;

– the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

– Defendant's financial condition; and

– the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

I will read it to you.

The Official Verdict Form will be brought to you in the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the Official Verdict Form, and all of you will sign it, reflecting your agreement with the verdict you as the jury have reached.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

ORLANDO EDWARDS and LEE EDWARDS,

Plaintiffs,

vs.

CHICAGO POLICE OFFICER J. HARITOS, STAR
NO. 16873; OFFICER P. PARK, STAR NO. 13949;
OFFICER I. KAHN, STAR NO. 17499,

Defendants.

Case No. 09 C 1726

Chief Judge James F. Holderman

## **PRELIMINARY JURY INSTRUCTIONS**

Members of the jury, I will give you a preliminary overview of the law that relates to this trial that you, as the jury, are to apply to the facts in deciding this case. This overview is given to you at this time to help you better understand the parties' positions as the evidence is presented to you during the trial. Although this preliminary overview of the law is given to you now, it is the final instructions on the law that I will read to you before your deliberations that you should use in deciding the case.

At that time, I will give each of you a hard copy of the final instructions on the law and it is the final instructions on the law, as I said, that you should use in deciding the case.

In this case, Plaintiffs Orlando Edwards and Lee Edwards filed this federal lawsuit against Defendant Chicago Police Officers J. Haritos, P. Park and I. Khan, to recover for alleged injuries to Plaintiffs Orlando and Lee Edwards on March 3, 2008 allegedly resulting from the arrests of the Plaintiffs and from the later criminal prosecution of Plaintiffs. Plaintiffs claim that the Defendant Police Officers Haritos and Park violated Plaintiffs' constitutional rights by falsely arresting Plaintiffs on March 3, 2008. Plaintiffs also claim that Defendant Officers Haritos, Park and Khan used excessive force during the course of Plaintiffs' arrests, and that Defendant Officers Haritos and Park failed to provide medical attention to Plaintiffs.

Defendants deny each of the Plaintiffs' allegations and Defendants contend that the arrest of Plaintiffs was

lawful.  Defendants contend probable cause existed for the arrest of Plaintiffs, that probable cause existed for the prosecution of Plaintiffs, and that the force Defendants used during the arrests was reasonable and not excessive. Defendants also contend Plaintiffs were not in need of medical care after the arrest on March 3, 2008.

In a civil lawsuit like this one, the burden is on the party bringing the claim to prove every element of the claim by a "preponderance of the evidence."  A preponderance of the evidence simply means evidence that persuades you that the claim is more probably true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof establishes each element of the claim by a preponderance of the evidence, then you should find for the party bringing that claim.  If the proof fails to establish any element of the claim by a preponderance of the evidence, then you should find for the party against whom the claim was brought.

1.      **Claim of False Arrest Against Defendants Haritos and Park**

For a Plaintiff to succeed on his false arrest claim against a particular Defendant, that  Plaintiff must prove by a preponderance of the evidence that the Defendant did not have probable cause to arrest that Plaintiff.

If you find that Plaintiff Orlando Edwards has proved this by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff Orlando Edwards and against that particular Defendant, and go on to consider the question of damages on this claim by Plaintiff Orlando Edwards against that Defendant.  If, on the other hand, you find that Plaintiff Orlando Edwards has failed to prove this by a preponderance of the evidence as to a Defendant, then you should find for that Defendant, and you will not consider the question of damages on this claim by Plaintiff Orlando Edwards as to that Defendant.

If you find that Plaintiff Lee Edwards has proved this by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff Lee Edwards and against that particular Defendant, and go on to consider the question of damages on this claim by Plaintiff Lee Edwards against that Defendant.  If, on the other hand, you find that Plaintiff Lee Edwards has failed to prove this by a preponderance of the evidence as to a Defendant, then you should find for that Defendant, and you will not consider the question of damages on this claim by Plaintiff Lee Edwards as to that Defendant.

Let me explain what "probable cause" means. There is probable cause for an arrest if, at the moment the arrest was made, a prudent person would have believed that plaintiff had committed or was committing a crime. In making this decision, you should consider what the Defendant you are considering knew and what reasonably trustworthy information that Defendant had received.  It is not necessary that the Defendant had probable cause to arrest a Plaintiff for Resisting Arrest, Aggravated Assault or Battery, so long as the Defendant had probable cause to arrest that Plaintiff for some criminal offense.

Probable cause requires more than just a suspicion. It does not need to be based on evidence that would be sufficient to support a conviction or even a showing that the Defendant's belief was probably right. The fact that the charges against a Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time of his arrest.

A person commits an assault when he engages in conduct that places another in reasonable apprehension of receiving a battery. An aggravated assault is when an assault is committed against a police officer.

A person commits a battery if he intentionally causes bodily harm to an individual or makes physical contact of an insulting or provoking nature with an individual.

A person resists arrests when he knowingly obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity. Resisting arrest can be any physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, including flight from a clearly identifiable police officer. A person may not resist arrest, even if the arrest is unlawful.

**2.      Claim of Use of Excessive Force Against Defendants Haritos, Park, and Khan**

For a Plaintiff to succeed on his claim of the use of excessive force, that Plaintiff must prove each of the following things by a preponderance of the evidence with respect to the particular Defendant that you are considering:

1. The Defendant used unreasonable force against the Plaintiff;

2. Because of the Defendant's unreasonable force, the Plaintiff was harmed.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Plaintiff and against the particular Defendant, and go on to consider the question of damages. If, on the other hand, you find that the Plaintiff you are considering did not prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant on this claim.

When deciding if a Defendant police officer's use of force, if any, was unreasonable, you must consider the Defendant's conduct from the perspective of a reasonable officer facing the same circumstances that the Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether a Defendant's use of force was unreasonable, you must not consider whether that Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances. In deciding whether a Defendant's use of force was reasonable you are to consider all circumstances, including among other things:

- the need for the use of force;

- the relationship between the need for the use of force and the amount of force used;

- the extent of the plaintiff's injury;

- any efforts made by the defendant to temper or limit the amount of force;

- the severity of the crime at issue;

- the threat reasonably perceived by the defendant; and

- whether the plaintiff was actively resisting arrest or was attempting to evade arrest.

**3.**     **Claim of Malicious Prosecution Against Defendants Haritos and Park**

For a Plaintiff to succeed on his claim of malicious prosecution, that Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant that you are considering:

1. The commencement or continuance of a criminal proceeding by the Defendant;

2. The termination of the criminal proceedings in favor of the Plaintiff in a manner indicative of innocence;

3. The absence of probable cause for such proceedings;

4. The presence of malice; and

5. Damages resulting to the Plaintiff.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against a particular Defendant, then you should find for that Plaintiff and against that Defendant, and go on to consider the question of damages. If on the other hand, you find that the Plaintiff has failed to prove any one of these things against a particular Defendant by a preponderance of the evidence, then you should find for that Defendant and will not consider the question of damages.

Probable cause in a malicious prosecution claim means a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue. The fact that the charges against a particular Plaintiff were later dismissed does not by itself mean that there was no probable cause at the time the criminal proceeding was commenced. Malice, as an element of malicious prosecution, does not necessarily mean personal ill-will, spite, or hatred toward the person prosecuted, but instead means the commencement of a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the party to justice. Malice may be inferred from the absence of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved.

**4.**     **Claim of Failure to Provide Medical Attention Against Defendants Haritos and Park**

For a Plaintiff to succeed on his claim of failure to provide medical attention, that Plaintiff must prove by a preponderance of the evidence that the conduct of the Defendant you are considering was objectively unreasonable under the circumstances, and that the Defendant's conduct caused harm to that Plaintiff. In determining whether the Defendant's conduct was objectively unreasonable, you should consider the following factors:

– whether the Defendant had notice of the Plaintiff's medical needs, either because of the Plaintiff's words

or through the Defendant's observation of Plaintiff's physical symptoms;

– the seriousness of Plaintiff's medical need;

– the scope of the requested treatment;

– the other legitimate interests of the Defendant as a police officer, including administrative, penological, or investigatory concerns.

If you find that the Plaintiff you are considering has proved each of these things with respect to a particular Defendant by a preponderance of the evidence, then you should find for that Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things with respect to a particular Defendant by a preponderance of the evidence, then you should find for that Defendant, and you will not consider the question of damages.

A "serious medical need" is a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

– the severity of the condition;

– the harm, including pain and suffering, that could result from a lack of medical care;

– whether providing treatment was feasible; and

– the actual harm caused by the lack of medical care.

### The Question of Damages

If you find that a Plaintiff has proved any of his claims, then you must determine what amount of damages, if any, that Plaintiff is entitled to recover and report the amount of damages on your verdict form. If you find that a Plaintiff has failed to prove any of his claims, then you will not consider the question of damages. I will instruct you on the law regarding damages at the end of the trial.

As I stated earlier, although this preliminary overview of the law is given to you now to help you better understand the evidence as it is presented at the trial, it is the final instructions on the law that I will read to you and physically give to you in the form of a hard copy for each of you that you should use in reaching your verdict as the jury in this trial.

In this case, the parties have already stipulated, or agreed, to certain facts in Joint Schedule A, which has been given to you. You must now treat these agreed facts as having been proved for the purpose of this case.

As members of the jury, you may submit written questions for a witness to answer if you feel you need more information after the lawyers have finished questioning the witness. We do not expect you will have questions, but if you do, here is how the procedure works: After each witness has testified and the lawyers have asked all of their questions, if you have a question, you should write it down on a sheet of paper from your notebook, fold it over and

hold it up.  My clerk will retrieve it and then photocopy it, so I can speak with the lawyers about it as I must.

You may submit a question for a witness to clarify or help you understand the evidence. Our experience with juror questions indicates that a juror will rarely have more than a few questions for one witness, and there may be no questions for some witnesses.

If you submit a question, the court staff will provide it to me and I will share your question with the lawyers in the case.  If your question is permitted under the rules of evidence, I will read your question to the witness so that the witness may answer it.  In some instances, I may modify the form or phrasing of a question so that it is proper under the rules of evidence.   On other occasions, I may not allow the witness to answer a question, either because the question cannot be asked under the law or because another witness is in a better position to answer the question. Of course, if I cannot allow the witness to answer a question, you should not draw any conclusions from that fact or speculate on what the answer might be.

Here are several important things to keep in mind about your questions for the witnesses:

First, all questions must be submitted in writing.  Please do not ask questions orally of any witness.

Second, witnesses may not be recalled to the witness stand for additional juror questions, so if you have a question for a particular witness, you should submit it at the end of that witness's testimony.

Finally, as jurors you should remain neutral and open throughout the trial.  As a result, you should always phrase any questions in a neutral way that does not express an opinion about the case or a witness.

Also, at various times during the trial the lawyers will address you.  You will soon hear the lawyers' opening statements, and at the end of the trial you will hear their closing arguments.  From time to time in between, the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence that was previously presented.  These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be.  They are not themselves evidence.

I will now say a few words about your responsibilities as jurors.

First, it is your job to decide this case on the evidence presented here in court.  You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards, social networking sites, such as Facebook, or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberations and verdict, you are not to discuss the case with your fellow jurors.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ORLANDO EDWARDS and

LEE EDWARDS,

                Plaintiffs,

                vs.

CHICAGO POLICE OFFICER J. HARITOS, STAR

NO. 16873; OFFICER P. PARK, STAR NO. 13949;

and OFFICER I. KAHN, STAR NO. 17499,

                Defendants.

Case No. 09 C 1726

Chief Judge James F. Holderman

## PRELIMINARY VERDICT FORM

We, the jury, find as to each of the claims of the Plaintiffs as follows:

(Place an "X" on the appropriate line to state your verdict either "For Plaintiff" or "For Defendant.")

## PART I – FALSE ARREST CLAIMS

**A.  Plaintiff Orlando Edwards' Claim of False Arrest:**

    1.  As to Defendant Haritos:

        For Plaintiff _____      For Defendant _____

    2.  As to Defendant Park:

For Plaintiff _____     For Defendant _____

**B.  Plaintiff Lee Edwards' Claim of False Arrest:**

1.  As to Defendant Haritos:

For Plaintiff _____     For Defendant _____

2.  As to Defendant Park:

For Plaintiff _____     For Defendant _____

## PART II – MALICIOUS PROSECUTION CLAIMS

**A.  Plaintiff Orlando Edwards' Claim of Malicious Prosecution:**

1.  As to Defendant Haritos:

For Plaintiff _____     For Defendant _____

2.  As to Defendant Park:

For Plaintiff _____     For Defendant _____

**B.  Plaintiff Lee Edwards' Claim of Malicious Prosecution:**

1.  As to Defendant Haritos:

For Plaintiff _____     For Defendant _____

2.  As to Defendant Park:

For Plaintiff _____     For Defendant _____

09C1726 Orlando Edwards and Lee Edwards vs. Chicago Police Officer J. Haritos et al.

# PART III – USE OF EXCESSIVE FORCE CLAIMS

**A.  Plaintiff Orlando Edwards' Claim of Use of Excessive Force:**

  1.  As to Defendant Haritos:

     For Plaintiff _____          For Defendant _____

  2.  As to Defendant Park:

     For Plaintiff _____          For Defendant _____

  3.  As to Defendant Kahn:

     For Plaintiff _____          For Defendant _____

**B.  Plaintiff Lee Edwards' Claim of Use of Excessive Force:**

  1.  As to Defendant Haritos:

     For Plaintiff _____          For Defendant _____

  2.  As to Defendant Park:

     For Plaintiff _____          For Defendant _____

  3.  As to Defendant Kahn:

     For Plaintiff _____          For Defendant _____

# PART IV – FAILURE TO PROVIDE MEDICAL ATTENTION CLAIMS

**A.  Plaintiff Orlando Edwards' Claim of Failure to Provide Medical Attention:**

   1.  As to Defendant Haritos:

       For Plaintiff _____     For Defendant _____

   2.  As to Defendant Park:

       For Plaintiff _____     For Defendant _____

**B.  Plaintiff Lee Edwards' Claim of Failure to Provide Medical Attention:**

   1.  As to Defendant Haritos:

       For Plaintiff _____     For Defendant _____

   2.  As to Defendant Park:

       For Plaintiff _____     For Defendant _____

If you found for a Plaintiff on any claim in Parts I through IV above, continue to Part V as to that Plaintiff.

If you found for Defendants on all of a Plaintiff's claims in Parts I through IV, do not answer Parts V and VI as to that Plaintiff.

**PART V**

**A.  The amount of compensatory damages Plaintiff Orlando Edwards suffered as a result of the defendants' actions is:**

    1.  For physical, mental, and emotional pain and suffering:    $_____

    2.  For the costs incurred to defend against the criminal
        charges initiated by Defendants:    $_____

    Total: (add the amounts in 1 and 2 above)    $_____

**B.  The amount of compensatory damages Plaintiff Lee Edwards suffered as a result of the defendants' actions is:**

    1.  For physical, mental, and emotional pain and suffering:    $_____

    2.  For the costs incurred to defend against the criminal
        charges initiated by Defendants:    $_____

    Total: (add the amounts in 1 and 2 above)    $_____

If you awarded compensatory damages to a Plaintiff in Part V above, please continue to Part VI as to that Plaintiff.

If you awarded no compensatory damages to a Plaintiff, do not answer Part VI as to that Plaintiff.

# PART VI

**A. As to Defendant Haritos, do you find an award of punitive damages is appropriate under the facts and the law in this case?**

       YES _____       NO _____

**B. As to Defendant Park, do you find an award of punitive damages is appropriate under the facts and the law in this case?**

       YES _____       NO _____

**C. As to Defendant Kahn, do you find an award of punitive damages is appropriate under the facts and the law in this case?**

       YES _____       NO _____

If you marked "no" to all of the above, continue to Part VII. If you marked "yes" to any of the above, please state on the appropriate line below the amount of punitive damages that you award as to each defendant to which you have answered "yes" above. Please leave the other lines blank.

**A. Award of Punitive Damages to Plaintiff Orlando Edwards:**

    1.  As to Defendant Haritos:       $_____

    2.  As to Defendant Park:       $_____

    3.  As to Defendant Khan:       $_____

**B. Award of Punitive Damages to Plaintiff Lee Edwards:**

    1.  As to Defendant Haritos:       $_____

2. As to Defendant Park:          $_____

3. As to Defendant Khan:         $_____

# PART VII

Please each sign and date below.  Then notify the marshal and the Foreperson should bring this signed and dated Verdict Form into the courtroom to return the Jury's Verdict.

_____
Foreperson

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

Date: _____