IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO EDWARDS and<br>LEE EDWARDS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 09 C 1726 |
| CHICAGO POLICE OFFICER J. HARITOS,<br>STAR NO. 16873; and OFFICER P. PARK,<br>STAR NO. 13949 | )<br>)<br>)<br>) | Chief Judge James F. Holderman |
| Defendants. | )<br>) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

In their First Amended Complaint filed on August 23, 2010, Plaintiffs Orlando Edwards and Lee Edwards each brought claims against defendant police officers John Haritos and Paul Park for false arrest, malicious prosecution, excessive force, and failure to provide medical attention, for a total of sixteen claims. (Dkt. No. 40.) Following a four-day jury trial, the jury returned a verdict for the defendants on plaintiffs' claims of false arrest and on Lee Edwards's claims of malicious prosecution, for defendant Haritos on Orlando Edwards's claim of excessive force, for defendant Park on Lee Edwards's claim of excessive force, and for Orlando Edwards on his claims of malicious prosecution against defendants Haritos and Park. (Dkt. No. 130.) The jury was unable to reach a verdict on the other counts. The jury awarded Orlando Edwards $2,367 in compensatory damages and $2,333 in punitive damages ($778 from Haritos and $1,555 from Park). (*Id.*)

During trial, the defendants timely filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) (Dkt. No. 118.), which the court denied (Dkt. No. 121).

Pending before the court is defendants' "Renewed Motion for Judgment as a Matter of Law and Motion to Alter Judgment." (Dkt. No. 133.) For the reasons explained below, the defendants' motion is denied.

BACKGROUND

On March 3, 2008, Chicago police officers Park and Haritos responded to a domestic battery call from Jerome Reed at 5736 West Ohio St. in Chicago, Illinois. (1/10/12 Trial Tr. 7-8.) The evidence at trial presented two conflicting accounts of the events that occurred when they arrived. Park and Haritos testified that Orlando Edwards and Lee Edwards, two African-American boys at the home, threatened to kill Park and Haritos while they were standing at the door of the residence. (*Id.* at 43-44; 1/12/12 Trial Tr. 70.) Park also testified that Jerome Reed identified Lee Edwards as the person who hit him, thus causing Reed to initiate the domestic battery call. (1/10/12 Trial Tr. 60.) Park stated that when the officers entered the residence to arrest Lee, Orlando Edwards jumped on Park's back and put his arm around Park's neck. (*Id.* at 83-89.) Park then arrested Orlando Edwards, who was "fighting with me [and] flailing his arms." (*Id.* at 193.)

Haritos and Park took Orlando Edwards to the police station, where they charged him with battery, resisting arrest, and aggravated assault of a peace officer. (*See Id.* at 118; 1/12/12 Trial Tr. 106; Dkt. No. 134, Ex. 1.) The charges were later stricken with leave to reinstate. (1/12/12 Trial Tr. 104.)

Orlando and Lee Edwards told a different story. According to Orlando Edwards, Orlando and Lee never threatened the officers (*Id.* at 236), Orlando never jumped on Park's back or put his arms around Park's neck (*Id.* at 240), and Orlando did not flail his arms or fight when Park tried to arrest him (*Id.* at 241). Lee Edwards also testified that Lee and Orlando never threatened the officers (*Id.*

at 140-41), and neither Lee nor Orlando stated that Jerome Reed identified Lee Edwards as the person who hit him. Moreover, Lee Edwards stated that during the incident Haritos repeatedly called him a nigger (*Id.* at 159, 194), and used profane language (*Id.* at 138, 149). Orlando Edwards also testified that even though he was not resisting, Officer Park repeatedly punched him while he was being arrested, causing lacerations to his face. (*Id.* at 251-52.)

ANALYSIS

I. Motion for Judgment as a Matter of Law

Under Federal Rule of Civil Procedure 50, judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 50(a)). In performing this analysis, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Waite v. Bd. of Trs.*, 408 F.3d 339, 343 (7th Cir. 2005). The court "will overturn a jury verdict . . . only if [it] conclude[s] that no rational jury could have found for [the nonmovant]." *Id.* (citation omitted). Based on the deference afforded to the jury's verdict, the Rule 50 standard "is obviously a difficult standard to meet." *Id.*; *see also Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1043 (7th Cir. 1999) ("Attacking a jury verdict is a hard row to hoe.").

Defendants claim that they are entitled to judgment as a matter of law on Orlando Edwards's claims of malicious prosecution. A claim of malicious prosecution requires the plaintiff to prove "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages." *Logan v. Caterpillar, Inc.*,

246 F.3d 912, 921-22 (7th Cir. 2001). Here, the defendants contend that Orlando Edwards failed to show the absence of probable cause to charge him with battery, resisting arrest, and aggravated assault of a peace officer. In support, the defendants argue that both Park and Haritos testified that they believed they had probable cause for the charges because Orlando jumped on Park's back, battered Park, and resisted arrest by Park by flailing his arms and struggling. They note, correctly, that in determining the existence of probable cause in a malicious prosecution case, "[i]t is the state of mind of the person commencing the prosecution that is at issue—not the actual facts of the case or the guilt or innocence of the accused." *Sang Ken Kim v. City of Chi.*, 858 N.E.2d 569, 574 (Ill. App. Ct. 2006).

The defendants overlook, however, that the jury need not believe the defendants' own testimony about their state of mind, but may infer the defendants' state of mind from other evidence. The jury could have believed the testimony of Lee and Orlando Edwards about the events of the evening, for example, leading them to conclude that Park and Haritos were lying. The jury could then reasonably infer that Park and Haritos had fabricated their story to create probable cause when there was none previously.[1] The testimony of Lee and Orlando Edwards alone was thus more than enough evidence to allow a reasonable jury to find the absence of probable cause for the charges against Orlando Edwards.

Next, the defendants contend that there was no evidence of malice to support the jury verdict.

---

[1] Such a conclusion would be consistent with the jury's verdict for the defendants on Orlando Edwards's claims of false arrest. The jury might have concluded, for example, that the arrest was justified because Orlando ran from the officers and thus resisted arrest, but that Park and Haritos were lying about Orlando's violent actions toward Park. *See People v. Johnson*, 945 N.E.2d 2, 15 (Ill. App. Ct. 2010) ("[F]light from police officers is a physical act within the purview of the statute [criminalizing resisting arrest].").

The jury was instructed, however, that "[m]alice may be inferred from the absence of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved." (Dkt. No. 110, at 9.) That instruction was a correct statement of the law. *See Mack v. First Sec. Bank of Chi.*, 511 N.E.2d 714, 717 (Ill. App. Ct. 1987); *see also Gauger v. Hendle*, 954 N.E.2d 307, 333 (Ill. App. Ct. 2011). Here, if the jury believed that Park and Haritos were lying, it could reasonably have believed that Park and Haritos lacked good faith in bringing charges against Orlando Edwards.[2] Accordingly, there was sufficient evidence of malice to avoid judgment as a matter of law.

Finally, defendants contend that the evidence was insufficient to support the jury's award of punitive damages to Orlando Edwards, because there was no evidence of ill-will or spite. *See Swick v. Liautaud*, 662 N.E.2d 1238, 1247-48 (Ill. 1996) (McMorrow, J., concurring) (a plaintiff must show ill-will or spite to establish malice sufficient to justify punitive damages); *see also Johnson v. City of Chi.*, No. 08 C 6570, 2009 WL 3346602, at *1-2 (N.D. Ill. Oct. 15, 2009) (explaining that punitive damages are available for a malicious prosecution claim in Illinois). Again, however, the jury could have believed that Park and Haritos were lying. That conclusion, coupled with the evidence that Haritos repeatedly used a racial epithet and profanity during the incident,[3] and that Park beat Orlando Edwards while arresting him even though Orlando Edwards was not resisting,

---

[2] Illinois courts sometimes describe the standard as follows: "Malice may be inferred from a lack of probable cause only where there is no credible evidence that refutes that inference." *Gauger*, 954 N.E.2 at 333. The jury's verdict was reasonable under that formulation as well, because, if the jury believed Edwards and Park to be lying, there was no *credible* evidence to refute the inference of malice.

[3] It is irrelevant that Haritos did not direct his comments at Orlando Edwards, as the comments allowed the jury to infer racial animus toward African-Americans in general, and Orlando Edwards is an African-American.

allowed the jury to infer that the officers may have been motivated by racial animus. Accordingly, the evidence was sufficient to allow a reasonable jury to award punitive damages.

II.     Motion to Alter or Amend Judgment

The defendants also move to alter the judgment under Federal Rule of Civil Procedure 59(e) on the grounds that the jury's verdict for Orlando Edwards on his malicious prosecution claims was inconsistent with its verdict against Orlando Edwards on his false arrest claims. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006).

As an initial matter, if the jury's verdict is inconsistent, the proper remedy is a new trial, not an alteration to make the jury's verdict consistent. *See Deloughery v. City of Chi.*, 422 F.3d 611, 617 (7th Cir. 2005) ("A new trial on all claims is the appropriate remedy (rather than judgment as a matter of law) in a case in which the jury has returned inconsistent verdicts."). Regardless, the jury's verdict is not inconsistent.

The defendants' argument relies on the requirement that, to find for a plaintiff on a false arrest claim, the jury need only find that there was no probable cause for the arrest of plaintiff. (Dkt. No. 110, at 7.) Accordingly, the jury's verdict on the false arrest claim necessarily implies that the jury found that there was probable cause for the arrest of Orlando Edwards. Because the malicious prosecution claim also requires the absence of probable cause, the defendants contend that it was thus error for the jury to find for Orlando Edwards on that claim. *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006).

The defendants are incorrect. The verdict against Orlando Edwards on his false arrest claim

requires only that the jury find probable cause to arrest Orlando Edwards for at least one offense, but not necessarily for all of the offenses with which Orlando Edwards was charged. *See Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007) ("[P]robable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause . . . ."). By contrast, the verdict for Orlando Edwards on the malicious prosecution claims required the jury to find a lack of probable cause for only one of the four offenses with which Orlando Edwards was charged. *Id.* ("[P]robable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking."). Moreover, the jury instructions made this distinction plain to the jury. (*Compare* Dkt. No. 110, at 7 (explaining that for the false arrest claim, "[t]here is probable cause for an arrest if, at the moment the arrest was made, a prudent person would have believed that plaintiff had committed or was committing *a crime*" (emphasis added)), *with id.* at 9 (explaining that for the malicious prosecution claim, probable cause means "a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed *the offense charged*" (emphasis added)).)

The defendants contend that *Holmes* should be limited to its facts, and applied only in summary judgment cases and cases in which the plaintiff's malicious prosecution claim does not overlap at all with his false arrest claim. *See Holmes*, 511 F.3d at 682 ("Holmes emphasizes that his malicious prosecution claim against Teipel and Hoffman Estates is based solely on [two charges that were not at issue in the false arrest claim].") There is no reason, however, why the *Holmes* principle is not equally applicable at the post-trial motion stage, and equally applicable even when the plaintiff originally pressed false arrest and malicious prosecution claims on the same charges. To illustrate,

the jury here could have found consistently that there was probable cause to arrest Orlando Edwards for resisting arrest, but no probable cause to charge him with battery or aggravated assault of a peace officer.[4] In that case, the probable cause to arrest Orlando Edwards for resisting arrest would justify finding for the officers on the false arrest claim, but the lack of probable cause for battery or aggravated assault would justify finding for Orlando Edwards on the malicious prosecution claim. The jury's verdict was not inconsistent as a matter of law. Accordingly, the defendants motion to alter the judgment under Rule 59(e) is denied.

## CONCLUSION

For the foregoing reasons, the defendants' "Renewed Motion for Judgment as a Matter of Law and Motion to Alter Judgment" (Dkt. No. 133) is denied. Counsel for both sides shall appear at 9:00 am on March 13, 2012, to set a date for a new trial on the counts on which the jury was unable to reach a verdict. The parties are encouraged to discuss settlement.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 8, 2012

---

[4] Such a verdict could reasonably result if, for example, the jury believed Orlando's testimony that he ran when the officers entered the home (1/12/12 Trial Tr. 213-14), and did not believe Officer Park's testimony that Orlando jumped on his back and struggled when Park tried to arrest him (1/10/12 Trial Tr. 83, 89).